UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL EQUITY MANAGEMENT GROUP, INC., | No. 2:19-cv-01548-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| SEN VAN NGUYEN, et al., | |
| Defendant. | |

On August 12, 2019, defendant Lawrence Monteforte, proceeding pro se, removed this unlawful detainer action from San Joaquin County Superior Court. ECF No. 1. Monteforte also filed a motion to proceed in forma pauperis. ECF No. 2. On August 16, 2019, plaintiff filed an ex parte application to remand. ECF No. 5. As explained below, the court REMANDS the case to the San Joaquin County Superior Court and DENIES as moot defendant's motion to proceed in forma pauperis.

I. SUBJECT MATTER JURISDICTION

A. Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal . . . .") (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

B.  Discussion

Monteforte's Notice of Removal asserts the court has jurisdiction under 28 U.S.C. § 1443 because "San Joaquin Superior Court consistently violates the people's right to due process guaranteed under the United States Constitution." Not. of Removal, ECF No. 1, at 1, 5. This appears to be an argument for removal under § 1443(1)[1]. "A petition for removal under

---

[1] "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and

§ 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel,* 384 U.S. 780, 788–92, 794–804 (1966) and *City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824–28 (1966)":

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (internal quotation marks omitted) (quoting *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir. 1970)).

Monteforte alleges that "[t]he State Court Judges Bench Guide state [sic]: 'Because of its summary character, an unlawful detainer action is not a suitable vehicle for trying complicated ownership issues involving allegations of fraud.['] . . . *Asuncion v[.] Superior Court* (1980) 108 CA 3d 141, 145–146, CR 306 (eviction of homeowners following foreclosure raise due process issues and cannot be heard as part of summary unlawful detainer proceeding)." Not. of Removal at 5–6 (italics added) (other citations omitted). Furthermore, Monteforte states "[t]he San Joaquin County Courts have removed all court reporters from the Unlawful Detainer room. The Courts are fully aware that whatever is raised or objected to cannot be heard or ruled on in the Appellate courts, because it is hearsay." *Id.* at 6. Monteforte does not assert as a defense any rights given by "explicit statutory enactment protecting equal racial civil rights" nor does he say the State court will not enforce any such right based on a statute or constitutional provision. *Patel v. Del Taco, Inc.*, 446 F.3d at 998–99; *see also Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)) (removal statute strictly construed against removal jurisdiction and burden of establishing such jurisdiction falls to party seeking removal). Accordingly, the court does not have jurisdiction under 28 U.S.C. § 1443.

---

division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks possession of the premises, costs and reasonable attorney's fees, and damages of $83.33 per day for each day from April 22, 2019 until the date of judgment. ECF No. 1 at 16. Monteforte has alleged plaintiff purchased the property in question for $347,192.85, Not. of Removal at 3, but the value of the property does not determine amount in controversy here. "In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy," and, under California law, "an unlawful detainer is a limited civil action where the 'whole amount of damages claimed' must be 'twenty-five thousand dollars ($25,000) or less.'" *Fed. Home Loan Mortg. Corp. v. Schoux*, No. 14-CV-02026-NJV, 2014 WL 12607803, at *1 (N.D. Cal. June 9, 2014) (quoting *Wells Fargo Bank N.A. v. Alvarado*, 2014 U.S. Dist. LEXIS 28225, *5 (N.D. Cal. March 4, 2014)) (citing Cal. Code Civ. P. § 86(a)(4)); *see also Nationstar Mortg. LLC v. Stolte*, 2014 U.S. Dist. LEXIS 19128, *7 (Feb. 14, 2014) ("[C]ourts have found that the amount in controversy requirement is not met in unlawful detainer actions that are filed in the superior court where it is designated on the face of the complaint that the case is one of 'limited civil jurisdiction' involving less than $10,000 in controversy.") (citations omitted). Because the damages alleged are not likely to total more than $75,000, the court cannot exercise diversity jurisdiction over the action.

Accordingly, the court REMANDS the case to San Joaquin County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

II. <u>REQUEST TO PROCEED IN FORMA PAUPERIS AND EX PARTE APPLICATION TO REMAND</u>

For the foregoing reasons, the court has determined sua sponte it lacks subject matter jurisdiction, and thus remands the case to the San Joaquin County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). As a result, defendant's motion for in forma pauperis status and plaintiff's ex parte application to remand are moot.

4

III. CONCLUSION

For the foregoing reasons, this action is REMANDED to San Joaquin County Superior Court, defendant's motion to proceed in forma pauperis is DENIED as moot, and plaintiff's ex parte application to remand is DENIED as moot.

IT IS SO ORDERED.

DATED: September 20, 2019.

UNITED STATES DISTRICT JUDGE